## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CAROLYNE FARRELL,       ]
       ]
      Plaintiff,     ]
       ]
    v.        ]     Civil Action No.: 1:04-cv-12178-MLW
       ]     Next Event: Scheduling Conference on
ELI LILLY AND COMPANY, et al.,  ]     April 22, 2005 at 3:00 p.m.
       ]
      Defendants.   ]

## JOINT RULE 16.1 REPORT

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendants conferred up to and including April 14, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate

judge. Defendants do not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: The plaintiff has resolved this matter with Defendants Abbott Laboratories, Inc., Bristol-Myers Squibb Company, Dart Industries, Inc., Mallinckrodt, Inc., Ortho-McNeil Pharmaceutical, Inc., Merck & Co., Inc., and Pharmacia & Upjohn Company. While the remaining parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Marianne B. Bowler for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) disclosures. The parties also agree that if plaintiff requests an extension of time to respond to defendants' discovery requests, plaintiff shall at least produce the following by the original deadline

-3-

for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated the plaintiff and/or her mother; (d) the identity and, if known, the address and telephone number of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiff and/or her attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records (other than medical records received directly from plaintiff), defendants shall send a copy of all such medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES:     The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the deposition of the Plaintiff, any current or former husband of the plaintiff, plaintiff's mother and father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

July 21, 2005:          Deadline for serving discovery requests.

August 22, 2005:        Deadline for plaintiff to designate experts and provide expert reports

pursuant to Rule 26(a)(2).

      September 21, 2005:    Deadline for defendants to designate experts and provide expert reports

pursuant to Rule 26(a)(2).

      November 21, 2005:    All Discovery Closed. The parties agree that experts may be deposed

until the close of discovery.

      December 21, 2005:    Deadline for filing Dispositive Motions.

      February 2006:           Pre-Trial Conference.

      The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

      <u>TOPIC NO. 9:</u> Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

      <u>POSITION OF PARTIES:</u> The parties agree to make all expert witnesses available for

deposition.  Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule

26(a)(2), except that the parties agree to dispense with  the requirement of Rule 26(a)(2)(B) of a list

of cases in which the witness has testified as an expert at trial or by deposition within the preceding

four years.   However, the parties may inquire into the topic of prior cases at the time of the

deposition.

      <u>TOPIC NO. 10:</u> In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

      <u>POSITION OF PARTIES:</u>      Not applicable.

      <u>TOPIC NO. 11:</u> Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

      <u>POSITION OF PARTIES:</u> The parties agree that it is too early to determine whether the trial

of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in February 2006.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.    Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1959-1960 to the plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations with resultant infertility, with concomitant expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

-6-

B.     <u>Defendants</u>:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the plaintiff under any of the plaintiff's causes of action. Lilly believes that the Plaintiff's evidence is insufficient to meet her burden of persuasion that she was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the plaintiff complains, and that Lilly breached any duties owed to the plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Premo believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that she was exposed to DES in the first place, that any such DES was manufactured or produced by Premo, that any such DES caused the injuries of which the Plaintiff complains, and that Premo breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Premo has also asserted several affirmative defenses, including, that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, successor in interest to S.E. Massengill Co. ("GSK") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, GSK believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of

-7-

persuasion that she was exposed to DES in the first place, that any such DES was manufactured or produced by GSK, that any such DES caused the injuries of which the Plaintiff complains, and that GSK breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. GSK has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches

Defendant Lannett Company, Inc. ("Lannett") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Lannett believes that the Plaintiff will be unable to come forward with evidence sufficient to demonstrate that she was exposed to DES in the first place, that any such DES was manufactured or produced by Lannett, that any such DES caused the injuries of which the Plaintiff complains, that Lannett breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Lannett also asserted several affirmative defenses, including but not limited to that the Plaintiff's claims may be barred by the applicable statute of limitations or laches.

<u>CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3):</u>

Plaintiff's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 2.

Defendant Eli Lilly and Company's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 3.

Defendant Premo's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 4.

Defendant Glaxo's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 5.

Defendant Lannett's certification pursuant to Local Rule 16.1(D) will be filed under separate cover.

Respectfully submitted,

KENNETH M. LEVINE & ASSOCIATES          FOLEY HOAG LLP


  /s/ Sheila Mone                                         /s/ Brian L. Henninger
SHEILA MONE, BBO#634615                 JAMES J. DILLON, BBO#124660
370 Washington Street                   BRIAN L. HENNINGER, BBO#657926
Brookline, MA   02445                   155 Seaport Boulevard
617-566-2700                            Boston, MA   02210-2600
                                        617-832-1000
and
                                        Attorneys for Eli Lilly and Company

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES            CURLEY & CURLEY, P.C.
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040                              /s/ Robert A. Curley (by permission-rm)
                                        ROBERT A. CURLEY, BBO#109180
                                        27 School Street
Attorneys for Plaintiff                 Boston, MA   02108
                                        617-523-2990


                                        GOODWIN PROCTER LLP


                                          /s/ Jodi B. Buske (by permission-rm)
                                        JODI M. BUSKE, BBO# 657990
                                        Exchange Place
                                        Boston, MA   02109-2881
                                        617-570-1000

                                        Attorneys for Defendant Premo
                                                Pharmaceutical Laboratories, Inc.

CORNELL & GOLLUB


 /s/ Peter M. Durney (by permission-rm)
PETER M. DURNEY, BBO#139260
75 Federal Street
Boston, MA 02110
617-482-8100

Attorneys for Defendant Lannett Company, Inc.




Dated: April 14, 2005

-10-