```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CAROLYN FARRELL,                      )
     Plaintiff,                       )
                                      )
     v.                               )    C. A. No. 04-12178-MLW
                                      )
ELI LILLY & CO.,                      )
GLAXOSMITHKLINE INC., LANNETT CO.     )
INC., and PREMO PHARMACEUTICAL        )
LABORATORIES, INC.,                   )
     Defendants.                      )
```

ORDER

WOLF, D.J.                                        April 22, 2005

This case has been transferred to this court from the District Court for the District of Columbia. A motion was filed to admit Aaron Levine, Esq., of Washington, D.C., <u>pro hac vice</u> to serve as co-counsel for plaintiff Carolyn Farrell. (Docket No. 34). Mr. Levine filed an affidavit in support of the motion which stated, in part, that "I have a longstanding relationship with the Plaintiff, and have been requested to become lead counsel in the case by the Plaintiff." The motion to admit Aaron Levine, Esq., <u>pro hac vice</u> was not allowed because, among other things, he did not represent that he is familiar with the Local Rules of the United States District Court for the District of Massachusetts. <u>See</u> Local Rule 83.5.3(b). In addition, Mr. Levine did not tender the required fifty dollar fee for admission <u>pro hac vice</u>. Nevertheless, Mr. Levine is the first attorney listed as representing the plaintiff

on the docket of this case.

The attached March 10, 2005 Notice of Scheduling Conference / Motion Hearing was served electronically on Mr. Levine. It states, among other things, that "[t]he court considers attendance of the senior lawyers ultimately responsible for the case . . . to be of the utmost importance." Mr. Levine did not, however, appear for the conference. Rather, plaintiff was represented by Sheila Mone, Esq. of Boston. Ms. Mone stated that she had not met the plaintiff and that certain questions would have to be addressed by Mr. Levine. Thus, it became evident that Mr. Levine was, as represented in his affidavit, plaintiff's "lead counsel" and, therefore, the "senior lawyer[] . . . . responsible for the case."

In view of the foregoing, it is hereby ORDERED that:

1. The motion to admit Aaron Levine, Esq. pro hac vice (Docket No. 34) is DENIED without prejudice.

2. If Mr. Levine wishes to participate in this case, he shall, by May 10, 2005: (a) file an affidavit seeking to show cause why, pursuant to Federal Rule of Civil Procedure 16(f), sanctions in the amount of $750.00 should not be imposed for his failure to obey the March 10, 2005 Order by failing to appear at the April 22, 2005 conference; and (b) submit a motion for his admission pro hac vice, in the manner required by Local Rule 83.5.3(b), with the required fifty dollar fee.

    /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE